STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

July 24, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VODRA J. STALNAKER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1557**  (BOR Appeal No. 2045812)
                        (Claim No. 2000031369)

**ELKEM MANAGEMENT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vodra J. Stalnaker, by Robert M. Williams, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Elkem Management, Inc., by Ann B. Rembrandt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 13, 2011, in which the Board affirmed a March 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 3, 2009, decision, which found that Mr. Stalnaker was fully compensated by his prior 5% permanent partial disability award and was not entitled to an additional award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 10, 1999, Mr. Stalnaker filed an application for workers' compensation benefits based on his exposure to the hazards of occupational pneumoconiosis during his twenty-six year employment as an end loader and metal processor operator at Elkem Management. He stated that his date of last exposure was February 18, 1999. The claims administrator held the claim compensable on a non-medical basis and found that Mr. Stalnaker was entitled to the presumption that he is suffering from occupational pneumoconiosis, which arose out of and in the course of his employment. Mr. Stalnaker was also granted a 5% permanent partial disability

award. Almost a decade later, on August 27, 2009, Mr. Stalnaker was examined again by the Occupational Pneumoconiosis Board, which determined that there was insufficient evidence to justify a finding of more than a 5% pulmonary functional impairment. Based on this finding by the Occupational Pneumoconiosis Board, the claims administrator determined on November 3, 2009, that Mr. Stalnaker had been fully compensated by his prior 5% permanent partial disability award.

In a hearing before the Office of Judges, on February 2, 2011, the Occupational Pneumoconiosis Board considered an arterial blood gas study of Dr. Gaziano and a blood gas study from the Occupational Lung Center. Dr. Gaziano's study represented a 10% impairment rating and the Occupational Lung Center study was within normal limits. The Occupational Pneumoconiosis Board testified that, based on the present record, it could not find any impairment attributable to occupational pneumoconiosis beyond the 5% previously granted to Mr. Stalnaker. The Occupational Pneumoconiosis Board also testified that Mr. Stalnaker was fully compensated by his prior 5% permanent partial disability award.

In its March 23, 2011, Order, the Office of Judges concluded that Mr. Stalnaker had been fully compensated for his occupational pneumoconiosis by the prior 5% permanent partial disability award. The Office of Judges found that the Board was consistent in finding that Mr. Stalnaker had no impairment beyond the prior 5% award. Finally, the Office of Judges determined that there was no evidence in the record which showed that the Board was clearly wrong. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on October 13, 2011.

The Board of Review did not commit any reversible error in affirming the Order of the Office of Judges. The Occupational Pneumoconiosis Board based its determination on specific and credible reasons. The Office of Judges was not wrong to rely on its findings. There is no evidence in the record that consistently and reliably demonstrates that Mr. Stalnaker is entitled to a greater than 5% permanent partial disability award due to occupational pneumoconiosis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II